UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HUNTINGTON COPPER MOODY      :
MCGUIRE, INC.,                :   NO. 1:04-CV-00751
                            :
    Plaintiff,          :   **OPINION AND ORDER**
                            :
                            :
    v.                      :
                            :
                            :
CHARLES CYPERT, et al.,     :
                            :
    Defendants.

 

This matter is before the Court on Defendant Edward Hartley's Rule 55(c) Motion to Set Aside Default Judgment and Rule 60 Motion for Relief from Default Judgment (doc. 32), Plaintiff's Response in Opposition (doc. 33), and Defendant's Reply in Support (doc. 34). For the reasons stated herein, the Court DENIES Defendant's Motion.

**I. Background**

Plaintiff initiated this action on September 17, 2004 in the Hamilton County Court of Common Pleas, alleging claims for breach of contract, breach of fiduciary duty, conversion, tortious interference with contractual, business and employment relations, and for violations of Ohio's Uniform Trade Secret Act (doc. 1). Thereafter, the case was removed to this Court on November 1, 2004. On November 8, 2004, Defendant filed a motion to dismiss for lack of personal jurisdiction (doc. 2) and on November 30, 2004,

Plaintiff filed a motion for remand (doc. 4), both of which the Court denied on September 20, 2005 (doc. 16). Defendant's attorneys at no time filed an Answer on his behalf (doc. 32). However, Defendant's attorneys filed a motion to withdraw as counsel on December 12, 2005 (doc. 18). In response to this motion, the Court scheduled a show cause hearing for January 26, 2006, and ordered Defendant or Defendant's new counsel to appear before the Court during that hearing (doc. 19). Defendant did not appear at the January 26th hearing, and the Court permitted Defendant's counsel to withdraw (doc. 31). At that time, the Court also granted Defendant thirty days to find substitute counsel, and continued the matter until March 23, 2006, stating that default judgment would be entered if Defendant or his counsel did not appear (Id.). Defendant failed to appear at the March 23rd hearing, but did proffer a letter to the Court in lieu of personal appearance (doc. 23). This Court entered default judgment against Defendant on March 23, 2006, and requested the Magistrate Judge conduct a hearing to determine the attorneys' fees and damages, if any, to be awarded (doc. 25). The Magistrate Judge held this hearing on April 27, 2006 (doc. 27). Defendant did not appear, but the Magistrate Judge considered his previous correspondence (doc. 29). Subsequent to the hearing, the Magistrate Judge issued a Report and Recommendation awarding Plaintiff attorney's fees and damages (doc. 29). Defendant did not file an objection to the

Report and Recommendation and this Court affirmed the Magistrate Judge on July 17, 2006 (docs. 30). Defendant now seeks an Order from this Court pursuant to Rule 55(c) and Rule 60 of the Federal Rules of Civil Procedure setting aside the default judgment and damage award (doc. 32).

## II.  Analysis

### A. Legal Standard

"A party against whom a default judgment has been entered may petition the court to set aside the default judgment under Rules 55(c) and 60(b) for good cause, and upon a showing of mistake, or any other just reason." <u>Weiss v. St. Paul Fire & Marine Ins. Co.</u> (6th Cir. 2002), 283 F.3d 790, 794.  Rule 55(c) provides:

> **(c) Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Fed. R. Civ. P. 55(c).  In relevant part, Rule 60 states:

> **Rule 60. Relief from Judgment or Order**
> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;...(6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  In <u>Waifersong, Inc. v. Classic Music Vending</u>, 976 F.2d 290 (6th Cir. 1992), the Sixth Circuit articulated

-3-

the standard by which courts are to consider a motion to set aside a default judgment. In either a motion to set aside a default entry or default judgment, to determine "good cause" the Court considers the following factors:(1) Whether culpable conduct of the defendant led to the default, (2) Whether the defendant has a meritorious defense, and (3) Whether the plaintiff will be prejudiced. Id. at 292 (citing United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983); 10 Charles A. Wright et al., Federal Practice and Procedure §§ 2692, 2694 (1983)). However, "[w]hen it is a judgment the defendant is seeking to avoid, the specific requirements of Rule 60(b) narrow the scope of the court's equitable inquiry." Id. This is a stricter standard than that to set aside an entry of default because "once the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation." Id.

When relief from default judgment is sought under Rule 60(b), the first factor, the defendant's culpability, is framed in terms of the specific subsection of Rule 60(b). Id. This is because under Rule 60(b) a defendant can only be relieved of judgment if he has demonstrated that his relief is justified under one of the enumerated subsections. Id. "It is only when the defendant can carry this burden that he will be permitted to

-4-

demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted." Id.

**B. Discussion**

Defendant claims that he is entitled to relief under both Rule 60(b)(1) based on "mistake, inadvertence, surprise, or excusable neglect," and Rule 60(b)(6), based on "any other reason justifying relief from the operation of judgment" (doc. 32). The Court must first decide whether Defendant has shown that he is not culpable for the default judgment entered in this case under either of these subsections before considering his claims that he possesses a meritorious defense and the absence of prejudice to the Plaintiff.

## 1. Rule 60(b)(1)

The Sixth Circuit has repeatedly stated that "a party seeking to vacate a default judgment under Rule 60(b)(1) must demonstrate first and foremost that the default did not result from his culpable conduct." Weiss, 283 F.3d at 794 (citing Waifersong, 976 F.2d at 292). This burden may be carried only by meeting the requirements of Rule 60(b)(1), that is, by "demonstrat[ing] that his default was the product of mistake, inadvertence, surprise, or excusable neglect." Id. There are two instances where the Court can grant relief on a Rule 60(b)(1) motion: "(1) when the party has made an excusable litigation mistake or an attorney in the

-5-

litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." <u>Cacevic v. City of Hazel Park</u>, 226 F.3d 483, 490 (6th cir. 2000).

Defendant contends the entry of default judgment was the product of surprise, arguing that as a <u>pro se</u> litigant he did not understand that his absence from the March 23, 2006 hearing would result in default judgment (doc. 32).[1]  Defendant quotes extensively from <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, (2nd Cir. 1993), which states "[a] party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation...[h]ence, as a general rule a district court should grant a default judgment sparingly."  Defendant contends that his unfamiliarity with the court process should excuse his absence from the Court proceedings (doc. 32).

To the contrary, Plaintiff cites the Sixth Circuit for the proposition "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues...there is no cause for extending this margin to straight forward procedural requirements that a lay person can comprehend as easily as a

---

[1] Defendant also argues that he was surprised that his former attorneys did not file an Answer on his behalf.  However, because this Court's Order makes it clear that the absence of an Answer was not a determining factor in the default judgment, this argument is irrelevant (doc. 25, finding default judgment appropriate because "neither Defendant appeared at the March 23, 2006 hearing, nor did counsel appear on their behalf.").

-6-

lawyer" (doc. 33, <u>citing</u> <u>Jourdan v. Jabe</u>, 951 F.2d 108 (6th Cir. 1991); <u>also citing</u> <u>Kelly v. Broadcast Music, Inc.</u>, 23 F.3d 407 (6th Cir. 1994); <u>and</u> <u>Lackland v. City of Memphis</u>, 16 F.3d 1220 (6th Cir. 1993)). Plaintiff points out that Defendant was notified that his failure to appear at the March 23, 2006 hearing would result in a default judgment and yet failed to appear (<u>Id</u>.). Further, Plaintiff notes that Defendant was notified of the hearing to determine damages and attorney's fees held on April 27, 2006, and did not appear at that hearing (<u>Id</u>.). Defendant likewise received a copy of the Report and Recommendation and notification of his right to object, but did not file an objection to the Magistrate Judge's findings (<u>Id</u>.). Plaintiff avers that these notices are straightforward procedural requirements, not sophisticated legal issues requiring latitude for a <u>pro se</u> party (<u>Id</u>.).

The Court finds Plaintiff's argument well-taken. The Court repeatedly provided Defendant with the opportunity to present his case. Before each hearing, Defendant received a clear directive to appear before the Court. Most notably, Defendant received notice of the March 23, 2006 hearing stating if "Defendants or their counsel fail to appear, Default Judgment shall be entered for Plaintiff and a hearing on damages will be held" (doc. 22). Given the clear language of the notice provided to Defendant, the Court finds it disingenuous for Defendant to claim he was "surprised" to learn default judgment would be entered if

-7-

he failed to attend the March 23, 2006 hearing. Therefore, the Court finds that Defendant has not demonstrated that the default judgment in this case was the product of mistake, inadvertence, surprise, or excusable neglect as required by Rule 60(b)(1).

## 2. Rule 60(b)(6)

The Court must next consider whether Defendant has presented evidence that the default judgment is not a result of his culpable conduct due to "any other reasons justifying relief." Fed. R. Civ. P. 60(b)(6). The Sixth Circuit recently reiterated its position that Rule 60(b)(6) "should only be applied in 'unusual and extreme situations where principles of equity mandate relief.'" Frontier Insurance Co. v. Blaty, 454 F.3d 590, 597 (6th Cir. 2006) (citing Blue Diamond Coal Co. v. Tr. of the UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001)). Defendant claims that "it is highly unjust and inequitable for default judgment to stand under circumstances where [Defendant] did not violate any of the terms of his contract, and a large judgment was entered by default when he was pro se" (doc. 32).

Again, the Court does not find Defendant's reasoning persuasive. Defendant was Ordered by the Court to appear at the January 23, 2006 hearing on withdrawal of counsel and failed to appear. Defendant again ignored a clear Order of the Court to appear at the March 23, 2006 hearing. Further, Defendant made no effort to remedy his situation by appearing at the April 27, 2006

-8-

hearing on damages or by filing an objection to the Magistrate Judge's Report and Recommendation. The Court finds no unusual or extreme circumstances mandating relief when a party ignores the proceedings of the Court.

Thus, because the Court finds that the default judgment entered in this case was due to Defendant's culpable conduct and is not excusable under Rule 60(b)(1) or Rule 60(b)(6), it is unnecessary for the Court to consider whether Defendant has a meritorious defense or if Plaintiff would be prejudiced by the setting aside of default judgment. Waifersong, 976 F.2d at 292.

## III. Conclusion

For the foregoing reasons, the Court DENIES Defendant's Motion to Set Aside Default Judgment (doc. 32).


SO ORDERED.


Dated: January 10, 2007          s/S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge